IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CV-160-FL

| | | |
|---|---|---|
| LYNETTE MELVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 23) of plaintiff's counsel for attorneys' fees pursuant to 42 U.S.C. § 406(b). (*See* 6 Apr. 2012 Minute Entry). He seeks $25,054.00 in attorneys' fees to be paid out of the amount of past-due benefits awarded to plaintiff by the Social Security Administration ("SSA") on 30 January 2012. (*See* SSA Notice of Award (D.E. 24-2)). The Commissioner of Social Security ("Commissioner") filed a response (D.E. 26) requesting that the court review the amount sought under applicable law to determine whether it is reasonable.

The Supreme Court has held that while "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants," it does "call[] for court review of such arrangements as an independent check, to assure that they yield reasonable results in a particular case." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "[A] reduction in the contingent fee may be appropriate when (1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel

spent on the case.'" *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (quoting *Gisbrecht*, 535 U.S. at 808).

In support of the amount of fees requested, plaintiff's counsel filed: (1) a copy of the agreement for legal services, which includes a 25% contingency fee provision (*see* D.E. 24-1 at 1-2); and (2) and a copy of the Notice of Award showing that plaintiff is entitled to a total of $100,218.00 in past due benefits (*see* D.E. 24-2 at 3). Counsel seeks the sum of $25,054.00 on the grounds that it is both the amount provided for in the agreement (*i.e.*, 25% of $100,218.00) and the amount withheld by the SSA[1] from plaintiff's award for payment of a lawyer's fee (*see id.*). Aside from citing to these two documents, his supporting memorandum does not address the reasonableness of the fee requested.[2]

The court finds that plaintiff's counsel has not adequately demonstrated his entitlement to the fee award he seeks. Ultimately, he relies simply on plaintiff's agreement to a 25% fee. As the standards set forth above indicate, that agreement alone is not sufficient.

Plaintiff's counsel's motion for a fee award is therefore DENIED WITHOUT PREJUDICE to his refiling it. If he does refile the motion, he shall support it with (1) time/billing records reflecting all the work for which he seeks the fee award, (2) an affidavit or declaration verifying the accuracy and completeness of the records, and (3) a memorandum addressing the foregoing standards. The Commissioner shall file any response to the refiled motion within 14 days after service of the motion on him.

---

[1] The withheld amount listed in the Notice of Award is actually $.50 higher than the amount requested by counsel, (*i.e.*, $25,054.50). (*See* D.E. 24-2 at 3).

[2] The court recognizes that counsel included a description of the time spent in this case in a declaration filed on 30 December 2010 (*see* D.E. 20-1 at 1) in support of his earlier motion for fees, prior to plaintiff's receipt of an award on remand. However, it is unclear whether that description fully reflects all the time for which he now seeks payment.

SO ORDERED, the 4th day of February 2013.

_____
James E. Gates
United States Magistrate Judge