IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CV-160-FL

| | |
|---|---|
| LYNETTE MELVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This case comes before the court on the renewed[1] motion (D.E. 28) of plaintiff's counsel for attorneys' fees pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"). He seeks $25,054.00 in attorneys' fees to be paid out of the amount of past-due benefits awarded to plaintiff by the Social Security Administration ("SSA"). The motion, which has been fully briefed,[2] was referred to the undersigned for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it will be recommended that the motion be granted.

## BACKGROUND

Plaintiff commenced this proceeding for judicial review on 28 April 2010 pursuant to 42 U.S.C. § 405(g). (*See* Compl. (D.E. 4)). In it, plaintiff challenged the final decision of the Commissioner denying her application for a period of disability and disability insurance benefits and supplemental security income on the grounds that plaintiff was not disabled. (*Id*. 1). After

---

[1] The court denied the original motion without prejudice to counsel's filing a renewed motion with additional information and argument in support of the motion. (*See* 4 Feb. 2013 Order (D.E. 27)).

[2] In support of the motion, petitioner filed a memorandum (D.E. 29) and a declaration by her counsel (D.E. 30). She also relies on two exhibits supporting her initial motion: her fee agreement with counsel (D.E. 24-1) and the SSA Award Notice (D.E. 24-2). The Commissioner of Social Security ("Commissioner") filed a response (D.E. 31).

plaintiff filed her motion for judgment on the pleadings (D.E. 14), the Commissioner filed a motion (D.E. 16), to which plaintiff consented, to remand the case back to the Commissioner for further administrative proceedings. The court allowed the motion and remanded the case. (D.E. 17). In response to the remand order, plaintiff's counsel sought (D.E. 20) and was awarded (D.E. 22) fees in the amount of $3,792.00 for 24.0 hours of time (*see* Coun.'s Decl. (D.E. 20-1) 1) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

As a result of the remand ordered by the court, plaintiff was awarded past-due benefits in the amount of $100,218.00, and the Commissioner issued a notice of the award on 30 January 2012. (*See* SSA Award Notice 1, 3). Out of this sum, the Commissioner withheld 25%, or $25,054.50 pending approval of the amount of the fee to be paid. (*Id.* 3).

## DISCUSSION

### I. Applicable Legal Standards

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has held that while "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants," it does "call[] for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "[A] reduction in the contingent fee may be appropriate when (1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the

2

pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (quoting *Gisbrecht*, 535 U.S. at 808). Further, "a deduction should be made by the court if the award of benefits is so high as to cause attorney's fees to constitute a 'windfall.'" *Rodriguez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989).

To determine whether a fee constitutes a "windfall," a court may consider the following factors:

> (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Perrigo v. Astrue*, No. 5:08-CV-626-FL, 2012 WL 3903896, at *4 (E.D.N.C. 22 May 2012) (mag. judge's rep. & recomm.), *adopted*, 2012 WL 3903890 (7 Sep. 2012).

**II.   Analysis**

As indicated, counsel seeks the sum of $25,054.00. This is the amount provided for in the fee agreement (*i.e.*, 25% of $100,218.00), less $.50, presumably the result of rounding down to a whole dollar figure. The amount withheld by the SSA from plaintiff's award for payment of a lawyer's fee is the amount sought with the $.50 included, that is, $25,054.50.

While seeking $25,054.00, plaintiff's counsel correctly acknowledges that of the $25,054.00 sought, he must return to plainti0ff the $3,792.00 that he has already been awarded under the EAJA. *See Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009) ("[W]hile attorney's fees may be awarded under both the EAJA and § 406(b), the Savings Provision [Act of 5 Aug. 1985, Pub. L. No. 99-80, § 3, 99 Stat. 186] clarifies that the attorney must refund to the claimant the smaller fee."). In its response to the motion, the Commissioner

3

requests that the court consider whether the amount sought, which results in an effective rate of $1,043.92 per hour ($25,054.00/24.0 hours), is reasonable or constitutes a windfall to counsel. However, the Commissioner does not make any assertion that the requested amount is, in fact, unreasonable, and the court does not find it to be so.

First, the court finds that the amount requested is not out of line with the results achieved. Nor is the amount of time spent by plaintiff's counsel so small in comparison to the amount of past-due benefits that the fee award requested would provide plaintiff's counsel a windfall. Indeed, counsel achieved a remand of the case, which resulted in a substantial benefit award for plaintiff. Counsel's 14-page memorandum (D.E. 15) in support of plaintiff's motion for judgment on the pleadings contains a thorough analysis of both the facts and law particular to each of the three distinct issues raised. In fact, rather than opposing plaintiff's motion, the Commissioner responded by filing a motion for remand. (D.E. 16). In addition, counsel represents, and the records of this court reflect, that "he has handled social security cases exclusively for more than 20 years." (Pl.'s Mem. 3). This experience no doubt contributed to the uncontested remand counsel achieved for plaintiff. Further, plaintiff's counsel has not delayed proceedings so as to increase the amount of past-due benefits. Aside from one extension of time to file the motion for judgment on the pleadings (*see* D.E. 12), counsel sought no other continuances in this matter.

Finally, the court does not find that the effective reimbursement rate of $1,043.92/hour for the 24.0 hours spent by counsel in these proceedings constitutes a windfall. While this is certainly higher than rates that might be applied to non-contingency cases, this amount is well within the amounts approved in Social Security contingency fee cases in the Fourth Circuit. *See Washington v. Colvin*, No. 5:08-CV-55-FL, 2013 WL 1810586, at *3 (E.D.N.C. 29 Apr. 2013)

4

(awarding $23,165.50 for 24 hours (effective hourly rate of $965.23)); *West v. Astrue*, No. 5:04CV132, 2008 WL 1927308, at *4 (N.D. W. Va. 29 Apr. 2008) (awarding $13,381.25 for 21.41 hours (effective hourly rate of $625.00)); *Henshaw v. Barnhart*, 317 F. Supp. 2d 657, 662 (W.D. Va. 4 May 2004) (awarding $18,833.75 for 31.4 hours (effective hourly rate of $600.00)); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833-34 (S.D. W. Va. 9 Oct. 2003) (awarding $18,000.00 for 12.56 hours (effective hourly rate of $1,433.00)); *Thompson v. Barnhart*, 240 F. Supp. 2d 562, 563, 565-66 (W.D. Va. 15 Jan. 2003) (awarding $9,447.25 for 10.12 hours (effective hourly rate of $933.00)). For this and the other reasons stated, the court finds the requested award of $25,054.00 to be reasonable.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that the court enter an order as follows:

1. Plaintiff's counsel's motion (D.E. 29) for approval of attorney's fees is GRANTED in the full amount requested of $25,054.00.

2. The Commissioner shall release to plaintiff's counsel the remaining amount withheld from plaintiff's past-due benefits, which equals the approved fees of $25,054.00.

3. Of this sum of $25,054.00, plaintiff's counsel shall hold $3,792.00 in trust for plaintiff, representing the amount of the EAJA award to be refunded to plaintiff.

4. Plaintiff's counsel shall refund to plaintiff this sum of $3,792.00 within two weeks after his receipt of the $25,054.00 fee award from the Commissioner. On the same date that plaintiff's counsel refunds this sum of $3,792.00 to plaintiff, he shall file a certificate with the court confirming that he has done so.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who shall have until 21 June 2013 in which to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Responses to any objections shall be filed within 14 days after service thereof, unless otherwise ordered by the court.

SO ORDERED, this the 7th day of June 2013.

_____
James E. Gates
United States Magistrate Judge